CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA MCDANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv518 |
| v. | ) | |
| | ) | |
| SGT. LAYMAN, et al., | ) | |
| | ) | By: Hon. Robert S. Ballou |
| | ) | United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Joshua McDaniel, a Virginia inmate proceeding *pro* se, filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when defendant correctional officers singled him out by searching him first, after a report of drugs in his prison pod, resulting in PTSD. Am. Compl. Dkt. 12. McDaniel seeks leave to proceed *in forma* pauperis. Having reviewed McDaniel's pleadings, the court grants his request to proceed *in forma pauperis* but finds that McDaniel's allegations fail to state a claim under § 1983. Accordingly, the court will dismiss the Amended Complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### I.

In his Amended Complaint, McDaniel alleges that, after another inmate told correctional officers there was methamphetamine in the prison pod, the defendant correctional officers searched McDaniel first, before searching the other inmates in the pod. McDaniel states that even though there were "16 other people in the pod" they singled him out to search first. After finding no contraband on McDaniel, the defendant correctional officers also searched the other inmates in the pod. McDaniel alleges that the correctional officer defendants searched him first because

of his past conviction for "conspiracy to deliver" and that this constitutes discrimination. He alleges, without any supporting facts, that because the correctional officers did not find any contraband during the search they "did everything they could to harass and torment me the little bit of time I was at that jail." McDaniel asserts that this experience has given him PTSD as now he thinks "that the guards everywhere I've been is out to get me." McDaniel filed a grievance, and then appealed the response, but his appealed grievance form was not returned. McDaniel asks for $500,000 in damages.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

McDaniel alleges that defendant correctional officers, after being informed of contraband in his pod, searched him before the other inmates because of his past conviction for "conspiracy to deliver." Dkt. 12. McDaniel may be attempting to allege a claim for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, which generally requires the government to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439-41 (1985). To state an equal protection claim, an inmate must make a threshold showing (i) that he has been treated differently from others with whom he is similarly situated and (ii) that the unequal treatment was a result of purposeful discrimination. *See Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir.2002). "[T]he Supreme Court has recognized the validity of

2

'class of one' Equal Protection claims, 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.' " *Willis v. Town Of Marshall, N.C.*, 426 F.3d 251, 263 (4th Cir. 2005) (*quoting Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)); *see also King v. Rubenstein*, 825 F.3d 206, 220 (4th Cir. 2016). However, even liberally construed, the Amended Complaint does not state a viable claim for discrimination. While McDaniel alleges that he was searched first, he also alleges that the other inmates were brought out for search shortly after. Despite having had the opportunity to amend his initial complaint, McDaniel has alleged no facts to indicate that he was intentionally treated differently from similarly situated inmates. Further, to the extent that McDaniel attempts to bring a claim under the Fourth Amendment, this likewise fails. In the prison context, a search is reasonable under the Fourth Amendment if the need for the search outweighs the invasion of personal rights that the search entails. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Here, an inmate had reported contraband in the prison pod, and the law is clear that controlling contraband is a legitimate purpose, and necessary for the health and security of the inmates. *King v. Rubenstein*, 825 F.3d 206, 216 (4th Cir. 2016). McDaniel alleges nothing indicating that the resulting search of the inmates in the prison pod, specifically a strip search and body scan of McDaniel, was not reasonable.  To determine the reasonableness of a sexually invasive search, the Supreme Court in *Bell* held that the following four factors must be considered in each case: (1) the scope of the particular intrusion; (2) the manner in which it is conducted; (3) the justification for initiating it; and (4) the place in which it is conducted. *Id.* However, McDaniel does not allege that the search was unreasonable, unjustified, or conducted improperly–he complains only about being searched first.

Finally, McDaniel's allegation that his grievance appeal form was not returned does not state a constitutional claim. "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate therefore cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Of course, this is distinct from an inmate's constitutional right to be free from retaliation for filing a grievance, which McDaniel does not allege. *Id.* Accordingly, prison officials alleged refusal to return McDaniel's grievance appeal does not constitute a constitutional claim under § 1983.

Accordingly, the court will dismiss this action under § 1915(e)(2)(B)(ii) for failure to state a claim.

Entered:  June 29, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge